*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2012-282

MAY TERM, 2013

| | |
|---|---|
| State of Vermont | } APPEALED FROM: |
| | } |
| | } Superior Court, Windsor Unit, |
| v. | } Criminal Division |
| | } |
| | } |
| Scott D. Whitney | } DOCKET NO. 784-7-08 Wrcr |

Trial Judge: M. Patricia Zimmerman

In the above-entitled cause, the Clerk will enter:

Defendant appeals the sentence imposed on him after he pled guilty to one count of conspiracy to commit murder and one count of accessory after the fact. We affirm.

The evidence at the sentencing hearing revealed the following facts. In 2008, a man approached defendant to help him murder another named individual. Defendant agreed to assist in the murder for payment in the range of $10,000 to $20,000. Defendant and the other man met on several occasions to plan the murder. On the night of the murder, defendant and the other man took the victim to a remote wooded campsite on the pretext of going camping. They had planned to murder the victim by inducing him to snort Seroquel under the pretense that it was morphine, and then injecting an air bubble into his vein. However, when defendant returned from gathering firewood, he observed his co-conspirator beating the victim with a rock. Defendant kicked the victim when he was down and then, after the victim died, helped put the body into the victim's truck, which the men attempted to set on fire. Defendant used the victim's credit card on multiple occasions after the murder.

Defendant was initially charged with accessory after the fact for first degree murder. After the State added an additional count of aiding in the commission of the murder, defendant agreed to plead guilty to one count of conspiracy to commit murder and one count of accessory after the fact. Pursuant to the plea agreement, the parties could argue for any sentence within the twelve-year statutory maximum for the charged offenses.

At the contested sentencing hearing, the State asked the court to impose the maximum sentence of twelve years, while defendant asked to be given a sentence of three-to-six years, with the last three years on probationary status. The court imposed consecutive sentences of four-to-five years to serve for the conspiracy count and six-to-seven years to serve for the accessory-after-the-fact count, for a cumulative sentence of ten-to-twelve years to serve. While noting defendant's limited prior criminal record and his seemingly non-criminal lifestyle, aside from the current charges, the court emphasized the senseless nature of the killing and the fact that defendant committed the offenses "with [his] eyes wide open" rather than in the heat of passion.

The court further noted that defendant had many opportunities to back out of the murder plan but did not do so.

On appeal, defendant argues that the only reason the court gave for imposing the maximum sentence—that he could have backed out at any time—cannot be an aggravating factor for the crime of conspiracy because if he had backed out there would have been no conspiracy charge at all. Therefore, defendant reasons, the court abused its discretion by imposing the maximum simply because he committed that crime.

We need not dissect defendant's questionable reasoning because the sentencing court plainly relied upon more than the fact that defendant did not back out of the plan to murder the victim. The court explicitly stated that it was not sentencing defendant for murder, but it emphasized that the conduct for which defendant was being punished led to the senseless murder of another human being. The court noted the calculated nature of defendant's conduct, which apparently was done solely out of greed and not in the heat of passion. These and other factors demonstrate that the court acted well within its broad discretion in imposing the maximum sentence in this case. See State v. Baird, 2006 VT 86, ¶ 38, 180 Vt. 243 ("We will uphold a trial court's sentencing decisions absent an abuse of discretion.").

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

_____
Marilyn S. Skoglund, Associate Justice

_____
Beth Robinson, Associate Justice